# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**WELLS FARGO BANK, N.A.,**

          **Plaintiff,**

-vs-                                                                                   **Case No. 6:08-cv-1555-Orl-28GJK**

**DANIEL P. KELLY, SHERA L. KELLY a/k/a
SHERA KELLY a/k/a SHERA ALBERN,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS
INCORPORATED SOLELY AS NOMINEE
FOR 123 LOAN, LLC, JOHN DOE and JANE
DOE,**

          **Defendants.**
_____

## REPORT AND RECOMMENDATION

## TO THE UNITED STATES DISTRICT COURT

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S OBJECTION TO REMOVAL TO FEDERAL COURT AND MOTION FOR SANCTIONS (Doc. No. 4)** |
| **FILED:** | **October 3, 2008** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

On September 8, 2008, Sarah K. Lovejoy-Story (herein, "Lovejoy-Story"), as Trustee for

Eagles Nest Productions, LLC, a purported party in interest, filed a Notice of Removal ("Notice

of Removal") which sought to remove the present case from state court to federal court. Doc. No. 1. Lovejoy-Story did not establish that this Court has jurisdiction, and she did not establish she, acting as Trustee of Eagles Nest Productions, LLC, is a party in interest. Lovejoy-Story was directed to show cause ("Order to Show Cause") how this Court has jurisdiction and why this case should not be dismissed for failure to state a cause of action.

On October 3, 2008, Wells Fargo Bank, N.A. (herein, "Wells Fargo") lodged the present objection ("Objection") to Lovejoy-Story's Notice of Removal wherein it seeks sanctions (the "Motion") against Lovejoy-Story for filing the Notice of Removal. Doc. No. 4. Wells Fargo states that this is Lovejoy-Story's second attempt to remove the state court action to the federal court, which has prevented a scheduled foreclosure sale from proceeding. Wells Fargo attached to its Motion a prior Order to Remand ("Order to Remand") by the Honorable John Antoon II, wherein Judge Antoon held that Lovejoy-Story's prior Notice of Removal ("Prior Notice") filed by Lovejoy-Story was defective because: 1) it failed to include the grounds for removal in accordance with 28 U.S.C. § 1446(a); and 2) it was effected by a non-party.

Wells Fargo requests that: 1) this case be remanded to the state court; 2) it be awarded its reasonable attorneys' fees and costs incurred in filing this Motion; and 3) it be awarded the interest that has accrued on the note and mortgage as a result of the postponement of the foreclosure sale. *Id.*

On October 14, 2008, Lovejoy-Story filed a pleading entitled "Return Resisting So Called Purported Plaintiff Motion" which purports to be either a response to the Order to Show Cause or to the Motion (herein, the "Response"). Doc. No. 5. The Response includes the following statements:

> By definition [of the Bouvier's Law Dictionary], I am a party of Right and by so entitled to defend and protect my rights under law.
>
> . . .
>
> The party of Right has the power to name the jurisdiction of the court case. I name the Federal Courts as the jurisdiction . . . On top of that, the purported plaintiff, Wells Fargo [] is a national bank.  Thus operates under Title 12 of US code.
>
> . . .
>
> There is a question of fraud being perpetuated and therefore involves the decision of federal courts.
>
> . . .
>
> I am in receipt of an order with a stamped signature by the purported United States Magistrate Judge Gregory J. Kelly dated October 3, 2008 which is not valid.  It is of no force and effect of law . . . In the Order by the Magistrate Judge that is not valid, the order erroneously called me "Sarah J. Lovejoy-Story (herein, the "Movant")" please set the record straight the movant is the purported plaintiff as follows:  [Wells Fargo].

Doc. No. 5.  The Response is entirely nonsensical.  The Notice of Removal remains deficient for the same reasons identified by Judge Antoon in his Order to Remand.  Thus, the undersigned recommends that this case be remanded to state court.

With respect to Wells Fargo's request to be awarded its reasonable attorneys' fees and costs incurred in filing this Motion along with the interest that has accrued on the note and mortgage as a result of the postponement of the foreclosure sale, Wells Fargo did not request that this Court reserve jurisdiction to quantify such an award.  Moreover, Wells Fargo's Motion does not contain any quantification as to the requested award.  Accordingly, this Court recommends that Wells Fargo's request as to attorneys' fees and costs, and the interest that has accrued on the note and mortgage be denied.

It is **RECOMMENDED** that Wells Fargo's Motion (Doc. No. 4) be **GRANTED in part** and **DENIED in part** and this case be **REMANDED** to the state court.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on January 30, 2009.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE